IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| URBAN ARMOR GEAR, LLC, a California limited liability company<br><br>           Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-10, individually or as corporate/business entities,<br><br>           Defendants. | **COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Urban Armor Gear, LLC ("UAG" or "Plaintiff")), by and through its counsel of record, pursuant to Rules 3, 7(a), and 8(a) of the Federal Rules of Civil Procedure, commences this action by filing this Complaint against John Does 1-10 ("Defendants"), and states and alleges as follows:

**THE PARTIES**

1.      Urban Armor Gear, LLC is a California limited liability company with its principal place of business located in Laguna Niguel, California.

2.      On information and belief, Defendants are individuals and/or entities of unknown corporate form, and their citizenship and/or principal places of business are unknown.

3.      The true names, involvement, and capacities, whether individual, corporate, associated, or otherwise of Defendants are presently unknown to Plaintiff.  Therefore, Plaintiff sues Defendants by a fictitious name.  Plaintiff is informed and believes, and on that basis alleges, that Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of this dispute.  When the true names, involvement,

and capacities of these parties are ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.  Plaintiff's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and its claims arising under California and Nebraska state law are substantially related such that they form part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over Defendants because they have expressly aimed tortious activities toward the State of Nebraska, purposefully availed themselves of the privilege of doing business in Nebraska, and engaged in significant contacts with Nebraska, including significant and regular sales, shipments, and distribution of products bearing Plaintiff's trademarks in Nebraska and to Nebraska residents.  Defendants have engaged in these tortious activities with the knowledge that Plaintiff will be harmed by Defendants' actions in Nebraska.

6.      Given Defendants' significant activities in Nebraska as outlined herein, the exercise of jurisdiction over Defendants is proper.

7.      Plaintiff ensures the quality of its products and polices its trademarks through a network of Authorized Resellers that operate throughout the United States.  A significant portion of Plaintiff's sales through Authorized Resellers occurs in the State of Nebraska.

8.      From 2016 to the present, Plaintiff engaged in considerable sales through its Authorized Resellers within the State of Nebraska, totaling more than $6.7 million in sales by said Authorized Resellers.

2

9.     Venue is proper in this District and in this Division under, without limitation, 28 U.S.C. § 1391(b)(2)-(3), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### Background of Urban Armor Gear

10.     Plaintiff develops, designs, manufactures, markets, and sells premium cases and accessories for cell phones, tablets, laptops, and portable computing devices ("UAG Products"). Plaintiff sells UAG Products exclusively through a network of authorized resellers ("Authorized Resellers").

11.     Plaintiff devotes a significant amount of time, energy, and resources toward protecting the value of the Urban Armor Gear brand, products, names, and reputation.  By distributing UAG Products exclusively through Authorized Resellers and its distribution channels, Plaintiff is able to ensure the safety and satisfaction of consumers and safeguard the reputation and integrity of UAG Products and the Urban Armor Gear brand.  Plaintiff operates in the highly competitive mobile device accessories market, and product quality, customer support, and product warranties, among other considerations, are key factors impacting a consumer's decision to purchase UAG Products.

12.     To promote and protect the Urban Armor Gear brand, Plaintiff has registered numerous trademarks with the United States Patent and Trademark Office, including but not limited to the following: URBAN ARMOR GEAR (U.S. Trademark Reg. No. 4,218,929); UAG (stylized) (U.S. Trademark Reg. No. 4,218,930); TROOPER (U.S. Trademark Reg. No. 5,147,836); PLASMA (U.S. Trademark Reg. No. 5,242,739); METROPOLIS (U.S. Trademark Reg. No. 5,282,644); PATHFINDER (U.S. Trademark Reg. No. 5,286,967); OUTBACK (U.S.

4848-7763-5739.5

Trademark Reg. Nos. 5,356,453, 5,661,813); PLYO (U.S. Trademark Reg. No. 5,493,770); and numerous other marks (collectively, the "UAG Trademarks").

13.     The registrations for the UAG Trademarks are valid, subsisting and in full force and effect, and constitute prima facie evidence of the validity of the UAG Trademarks and of the registration of the UAG Trademarks, of Plaintiff's ownership of the UAG Trademarks, and Plaintiff's exclusive right to use the UAG Trademarks in commerce in connection with the goods specified in the registrations.

14.     Plaintiff actively uses, advertises, and markets all of the UAG Trademarks in commerce throughout the United States.

15.     Consumers recognize the UAG Trademarks as being associated with innovative mobile device cases and accessories of exceptional quality and durability.

16.     Because of the quality, durability, and reliability of UAG Products, consumers trust the Urban Armor Gear brand and associate the Urban Armor Gear name with innovative, high quality, and extremely durable products.

17.     For all of the above-stated reasons, the UAG Trademarks are widely recognized by the general consuming public of the United States, and Plaintiff is recognized as the source of products bearing the UAG Trademarks.

18.     Due to the superior quality and exclusive distribution of UAG Products, and because Plaintiff is recognized as the source of these high quality products, the UAG Trademarks have considerable value.

19.     Plaintiff's ability to exercise these quality controls is essential to the quality, safety, and integrity of the UAG Products, as well as the value of the UAG Trademarks and related intellectual property.

4848-7763-5739.5

20.     By conducting all sales through Authorized Resellers, Plaintiff maintains strict quality controls over its UAG Products.

21.     Plaintiff requires its Authorized Resellers to adhere to Plaintiff's policies and agreements ("UAG Policies").

22.     The UAG Policies govern the manner in which Authorized Resellers sell UAG Products.  To prevent unauthorized third-parties from acquiring and reselling UAG Products, the UAG Policies achieve objectives of suggesting a minimum advertised price to maintain proper positioning of UAG Products in the marketplace, define guidelines for use of UAG Trademarks and copyrighted materials, and ensure that reseller relationships are consistent and value based across the supply chain.

23.     As part of the UAG Policies, Authorized Resellers are prohibited from selling UAG Products on unauthorized websites, including third-party marketplaces such as eBay, Amazon, and Rakuten, without prior written consent from Plaintiff.

24.     These and other restrictions in the UAG Policies allow Plaintiff to exercise quality controls over the UAG Products, since the UAG Policies allow Plaintiff to track the manner in which Authorized Resellers sell UAG Products.  In the event that a quality issue occurs via online sales, Plaintiff can readily identify the Authorized Reseller responsible for the sale and address any issues immediately with that Authorized Reseller.  Unauthorized resellers pose a significant risk to Plaintiff's quality controls, since Plaintiff cannot take such action against unauthorized resellers, nor can Plaintiff effectively obtain cooperation from such unauthorized resellers regarding product quality issues that may arise.

25.     Plaintiff performs inspections of UAG Products prior to placing UAG Products into its supply chain, including but not limited to distributors and Authorized Resellers.  Those

inspection in conjunction with the UAG Policies ensure that UAG Products purchased by consumers are free from defect, damage, or other issues by virtue of quality control that Plaintiff is able to perform regarding UAG Products. Distribution Agreements also set forth requirements relating to storage, handling, and inspection of UAG Products.

26.     Plaintiff's Distribution Agreements typically provide for inspection of UAG Products by distributors for defects in material or workmanship, which serves to ensure that end-user consumers receive genuine UAG Products in conformity with Plaintiff's quality control standards.

27.     As part of the UAG Policies, Plaintiff prohibits Authorized Resellers from relabeling, repackaging, or modifying UAG Products. Accompanying written information for UAG Products must also not be removed or modified. In this way, Plaintiff can ensure that end-user consumers receive genuine, safe products. Authorized Resellers must also familiarize themselves with UAG Products, so that they are able to provide a high level of customer service to consumers.

28.     Plaintiff's quality-control measures, including but not limited to the UAG Policies, are substantial and have been implemented to control the quality of goods sold and manufactured using the UAG Trademarks, which protects consumers and the value and goodwill associated with the UAG Trademarks.

29.     Plaintiff's quality-control measures and requirements are material, as they are designed to protect consumers and prevent them from receiving poor quality products. Consumers would find it material and relevant to their purchasing decision to know whether a UAG Product they contemplated buying was sold by an Authorized Reseller subject to the UAG Policies and related quality-control measures versus a product sold by an unauthorized seller who is not subject

6

to, and does not abide by, Plaintiff's quality controls and over whom Plaintiff is unable to exercise its quality controls.

30.     Authorized Resellers are vetted by Plaintiff to ensure that they meet Plaintiff's standards and criteria for representing and selling Urban Armor Gear-brand products.  Among the criteria considered, Plaintiff evaluates credit, sales history, negative/positive online reviews, history of lawsuits, and related information impacting a potential Authorized Reseller's ability to adhere to Plaintiff's quality requirements.

31.     Plaintiff's ability to exercise quality controls over UAG Products sold turns on Plaintiff's knowledge of where the Authorized Resellers are selling.  To ensure Plaintiff's awareness of this information, Authorized Resellers are required to clearly state their business name and contact information for all online websites where they intend to offer UAG Products. This allows Plaintiff to verify this information and address quality issues that may arise.

32.     Authorized Resellers must also adhere to data security, accessibility, and privacy requirements.

33.     Plaintiff also must approve of UAG Product fulfillment and logistics, including the use of third-party fulfillment services utilized by Authorized Resellers.  Authorized Resellers must also use a tracking mechanism relating to UAG Products, and also have a means to obtain consumer feedback/reviews.  Authorized Resellers must work with Plaintiff to investigate and address any negative product reviews.  This is a key part of the UAG Policies and Plaintiff's quality-control efforts, as it gives Plaintiff a method to address quality issues immediately; this is not possible with unauthorized sellers, such as Defendants.

34.     Plaintiff's overall strategy concerning quality control and protecting value and goodwill associated with the Urban Armor Gear brand are significant and material.  These

7

measures ensure that consumers receive genuine, high quality UAG Products from online sources that adhere to the UAG Policies and related quality-control measures.  Consumers purchasing UAG Products online find it relevant to purchasing decisions to know that the product being purchased is from an Authorized Reseller that adheres to Plaintiff's quality controls.

35.     Additionally, UAG Products purchased from Authorized Resellers and/or Authorized Online Resellers come with a Limited Warranty ("UAG Warranty").

36.     The UAG Warranty warrants UAG Products against defects in manufacturing, workmanship, or materials under normal use and service for the applicable warranty period, subject to conditions contained therein.  The warranty period ranges from one to ten years from the original date of purchase of a UAG product by an end-user purchaser from an Authorized Reseller depending on the product.

37.     Under the UAG Warranty, a customer can receive a repair or replacement product if a UAG Product has a defect in manufacturing, workmanship, or materials under normal use and service for the applicable warranty period.

38.     The UAG Warranty is not available for UAG Products sold by unauthorized resellers, because Plaintiff cannot ensure the quality of products sold by such unauthorized resellers.  Unauthorized resellers, like Defendants, do not comply with Plaintiff's quality controls. This UAG Warranty is a key component of genuine UAG Products, as consumers purchasing UAG Products with the UAG Warranty have assurances that they are receiving a high quality product supported by Plaintiff's UAG Warranty if an issue arises.

**Defendants Are Not Authorized Resellers**

39.     Due to risks to consumers and reputational concerns associated with the illegal sale of products bearing the UAG Trademarks by unauthorized sellers, Plaintiff tracks and polices the sale of its products online.

40.     In the course of monitoring unauthorized online sales of UAG Products, Plaintiff has discovered products bearing the UAG Trademarks being illegally sold by Defendants.

41.     On information and belief, Defendants illegally sell products bearing the UAG Trademarks on the Amazon online marketplace, and possibly other online marketplaces.

42.     Plaintiff lacks knowledge about the specific identities of persons and/or entities that are illegally selling products bearing the UAG Trademarks on the Amazon online marketplace, and possibly other online marketplaces.  Nevertheless, the products sold by Defendants are not sold by Authorized Resellers, do not comply with quality controls Plaintiff places on Authorized Resellers, and are not protected by the UAG Warranty.

43.     Plaintiff has not approved Defendants to sell UAG Products, because Defendants do not comply with Plaintiff's quality-control measures and UAG Policies.

44.     Defendants have not provided Plaintiff with business information or an opportunity to evaluate their suitability to meet Plaintiff's high standards set for Authorized Resellers.

45.     Defendants also conduct their illegal sales on the Amazon online marketplace, and possibly other online marketplaces, which violates the quality controls implemented by Plaintiff. This prevents Plaintiff from addressing quality issues or negative reviews that arise out Defendants illegal sales of products bearing the UAG Trademarks.  It is also unclear how or where Defendants have acquired products bearing the UAG Trademarks, which prevents Plaintiff from determining if any such products are subject to recall or consumer safety information efforts.

46.     Defendants are infringing the UAG Trademarks by selling products bearing the UAG Trademarks that are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements.

9

47.     Defendants' illegal conduct fails to meet the quality controls implemented by Plaintiff, which harms the Urban Armor Gear-brand's goodwill and also circumvents safeguards intended to protect consumers.  Because Defendants' illegal sales operate outside of Plaintiff's quality controls, Defendants products are materially different from genuine UAG Products.  Thus, Defendants' products are not genuine UAG Products.

48.     Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to, and does create customer confusion, because customers who purchase products from Defendants believe they are purchasing genuine UAG Products, when in fact, they are not.

49.     Defendants' unauthorized sale of products bearing the UAG Trademarks infringes on the UAG Trademarks and diminishes their value.

50.     Defendants have sold and continue to sell products bearing the UAG Trademarks without Plaintiff's consent.

51.     On information and belief, through the Amazon online marketplace, and possibly other online marketplaces, Defendants have advertised and marketed infringing products bearing the UAG Trademarks to consumers in Nebraska

52.     On information and belief, Defendants have accepted and fulfilled significant orders of infringing products bearing the UAG Trademarks from consumers in Nebraska.

53.     On information and belief, Defendants have shipped significant amounts of infringing products bearing the UAG Trademarks to Nebraska.

54.     As described herein, genuine UAG Products purchased from Plaintiff and its Authorized Resellers that comply with Plaintiff's quality controls come with the UAG Warranty.

55.     Because Defendants are not Authorized Resellers of UAG Products and do not comply with the related quality controls, the products they sell bearing the UAG Trademarks do not come with the UAG Warranty.

56.     Due to the lack of the UAG Warranty on Defendants' products, the products they sell bearing the UAG Trademarks are materially different from genuine UAG Products.

57.     Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to, and does, create customer confusion, because customers who purchase products from Defendants believe they are purchasing genuine UAG Products, when, in fact, they are not.

58.     Defendants' unauthorized sale of products bearing the UAG Trademarks infringes on the UAG Trademarks and diminishes their value.

59.     Defendants have sold and continue to sell products bearing the UAG Trademarks through the Amazon online marketplace, and possibly other online marketplaces, without Plaintiff's consent.

60.     Defendants are engaging in false advertising by falsely representing that the products they sell come with the UAG Warranty.

61.     On information and belief, Defendants' unauthorized listings of products bearing the UAG Trademarks purport to be covered by the UAG Warranty; Defendants also represent that the unauthorized products sold bearing the UAG Trademarks are "new" and come with an "original manufacturer's warranty."

62.     To the contrary, products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty.  By making such inaccurate representations to consumers, Defendants are falsely advertising the products that they sell.

4848-7763-5739.5

63.     On information and belief, Defendants have acquired UAG Products, in whole or in part, from Plaintiff's Authorized Resellers for purposes of unlawfully infringing upon and materially damaging the value of the UAG Trademarks by reselling the products online.

64.     The UAG Policies and related quality controls prohibit Plaintiff's Authorized Resellers from selling UAG Products to third parties who intend to resell the products.

65.     By acquiring UAG Products from Authorized Resellers for purposes of resale, Defendants are causing a breach of the agreement between Plaintiff and Authorized Resellers. Defendants are also interfering with Plaintiff's agreements and business relationships. Defendants' tortious interference continues to this day.

66.     On information and belief, Defendants have willfully and knowingly induced presently unknown Authorized Resellers to breach their agreements with Plaintiff, so that Defendants can acquire UAG Products and unlawfully infringe on the UAG Trademarks by reselling those products.

**Urban Armor Gear Has Suffered Significant Harm Due to Defendants' Conduct**

67.     Defendants' unauthorized resale of products bearing the UAG Trademarks through unauthorized resellers has caused significant harm to the Urban Armor Gear brand.

68.     When a consumer receives one of Defendants' products from an unauthorized reseller that lacks the UAG Warranty, the consumer associates that negative experience with Plaintiff and the Urban Armor Gear brand.  Defendants' ongoing sale of unauthorized products bearing the UAG Trademarks causes substantial harm to the Urban Armor Gear brand.

69.     Plaintiff has suffered and will continue to suffer significant monetary harm as a direct result of Defendants' misconduct, including but not limited to loss of sales, damage to reputation, erosion of intellectual property rights, and damage to existing and prospective business relationships.

12

70.     Plaintiff has suffered and will continue to suffer irreparable harm to its reputation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

71.     Plaintiff is entitled to injunctive relief, because Defendants will continue to unlawfully resell products bearing the UAG Trademarks and infringe on the UAG Trademarks, causing continued irreparable harm to Plaintiff's reputation, goodwill, relationships, intellectual property, and brand integrity.

72.     Defendants' conduct was intentional, willful, knowing, malicious, wanton, and in violation of applicable laws.

## FIRST CAUSE OF ACTION

### Trademark Infringement

### 15 U.S.C. §§ 1114, 1125(a)(1)(a)

73.     Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

74.     Plaintiff is the owner of the UAG Trademarks.

75.     Plaintiff has registered the UAG Trademarks with the United States Patent and Trademark Office.

76.     The UAG Trademarks are valid and subsisting trademarks in full force and effect.

77.     Defendants unlawfully, willfully, and knowingly used and continue to use the UAG Trademarks in interstate commerce for purposes of selling products bearing the UAG Trademarks without Plaintiff's consent.

78.     The products sold by Defendants bearing the UAG Trademarks are not authorized for sale by Plaintiff.

79.     The products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty.

13

80.    Plaintiff has established and implemented substantial and material quality controls with which genuine UAG Products must comply.

81.    Plaintiff abides by these quality controls, and requires all of its Authorized Resellers and Authorized Online Resellers to abide by these quality controls.

82.    Plaintiff's quality controls are material, as they protect consumers and prevent them from receiving low quality, damaged, and defective products.

83.    The products sold by Defendants bearing the UAG Trademarks are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements.

84.    Since products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty and are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements, Defendants' products are materially different from genuine UAG Products.

85.    Thus, Defendants' products are not genuine UAG Products.

86.    Defendants' unauthorized sale of products bearing the UAG Trademarks interferes with Plaintiff's quality controls and ability to exercise quality control over products bearing the UAG Trademarks.

87.    Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers, because Defendants' conduct suggests that the products Defendants offer come with the UAG Warranty and are subject to and abide by Plaintiff's quality controls, when, in fact, they do not.

88.    Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendants' conduct suggests that the products Defendants offer for sale are genuine UAG Products when, in fact, they are not.

14

89.    Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendants' conduct suggests that the products Defendants offer for sale are otherwise related to Plaintiff when, in fact, they are not.

90.    Defendants' unauthorized use of the UAG Trademarks has infringed upon and materially damaged the value of the UAG Trademarks, and also cause significant damage to the Urban Armor Gear brand and Plaintiff's business relationships.

91.    As a proximate result of Defendants' misconduct, Plaintiff has suffered and continues to suffer immediate and irreparable harm.  Plaintiff has also suffered and continues to suffer damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

92.    Plaintiff is entitled to recover its damages caused by Defendants' infringement of the UAG Trademarks, and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

93.    Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, because it has no adequate remedy at law for Defendants' infringement; unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

94.    Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) as this is an exceptional case, because Defendants willfully, intentionally, and maliciously infringed on the UAG Trademarks in bad faith.

/ / /

/ / /

/ / /

/ / /

4848-7763-5739.5

## SECOND CAUSE OF ACTION

### False Advertising

### 15 U.S.C. § 1125(a)(1)(b)

95.     Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

96.     Plaintiff is the owner of the UAG Trademarks.

97.     Plaintiff has registered the UAG Trademarks with the United States Patent and Trademark Office.

98.     The UAG Trademarks are valid and subsisting trademarks in full force and effect.

99.     Defendants have willfully, intentionally, and knowingly used, and continue to use, the UAG Trademarks in interstate commerce for purposes of advertising, marketing, promoting, and selling Defendants' products bearing the UAG Trademarks without Plaintiff's consent.

100.     Defendants' advertising, marketing, and promotional efforts regarding their products unlawfully use the UAG Trademarks, and have been disseminated to the relevant purchasing public, including Nebraska consumers.

101.     Defendants have used and continue to use the UAG Trademarks to falsely advertise that the products they sell come with the UAG Warranty when, in fact, they do not.

102.     UAG Products purchased from Plaintiff and its Authorized Resellers and Authorized Online Resellers who comply with Plaintiff's quality controls come with the UAG Warranty.

103.     Plaintiff cannot exercise quality controls over products sold by unauthorized sellers, such as Defendants.  Thus, products bearing the UAG Trademarks that are sold by unauthorized sellers who do not comply with Plaintiff's quality controls do not come with the UAG Warranty.

16

104.    The products sold by Defendants bearing the UAG Trademarks are not authorized for sale by Plaintiff.

105.    The products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty.

106.    Defendants falsely advertise that the products they sell bearing the UAG Trademarks come with the UAG Warranty.  As set forth herein, Defendants' product listings state that they come with the UAG Warranty.  This representation is false, because the products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty.

107.    Defendants' use of the UAG Trademarks in connection with unauthorized advertising, marketing, promotion, and sale of products bearing the UAG Trademarks misrepresents the nature, characteristics, qualities, and origin of Defendants' products, because it suggests that the products come with the UAG Warranty when, in fact, they do not.

108.    Defendants' use of the UAG Trademarks in connection with unauthorized advertising, marketing, promotion, and sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive because such use suggests that the products Defendants sell are genuine UAG Products that come with the UAG Warranty when, in fact, they do not.

109.    Defendants' use of the UAG Trademarks in connection with unauthorized advertising, marketing, promotion, and sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive because such use suggests that the products Defendants sell are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they do not.

110.    Defendants' unauthorized and deceptive use of the UAG Trademarks is material and likely to influence consumers to purchase the products they sell, as consumers are likely to

believe that products Defendants advertise using the UAG Trademarks are genuine UAG Products that come with the UAG Warranty when, in fact, they are not genuine UAG Products and do not come with the UAG Warranty.

111. Defendants' unauthorized use of UAG Trademarks in advertising and the like infringes on the UAG Trademarks.

112. As a proximate result of Defendants' misconduct, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

113. Plaintiff is entitled to recover its damages caused by Defendants' false advertising and infringement of the UAG Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

114. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, because it has no adequate remedy at law for Defendants' false advertising and infringement, and unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

115. Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) as this is an exceptional case, because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the UAG Trademarks.

### THIRD CAUSE OF ACTION

**Unfair Competition**

**15 U.S.C. § 1125(a)**

116. Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

117. Plaintiff is the owner of the UAG Trademarks.

4848-7763-5739.5

118.    Plaintiff has registered the UAG Trademarks with the United States Patent and Trademark Office.

119.    The UAG Trademarks are valid and subsisting trademarks in full force and effect.

120.    Defendants have willfully, intentionally, and knowingly used, and continue to use, the UAG Trademarks in interstate commerce for purposes of advertising, marketing, promoting, and selling Defendants' products bearing the UAG Trademarks without Plaintiff's consent.

121.    The products Defendants advertise and sell bearing the UAG Trademarks are not authorized for sale by Plaintiff

122.    The products Defendants advertise and sell bearing the UAG Trademarks do not come with the UAG Warranty.

123.    Plaintiff has established and implemented legitimate and substantial quality controls covering and applicable to all genuine UAG Products.

124.    Plaintiff abides by these quality controls and requires that all of its Authorized Resellers and Authorized Online Resellers abide by these quality controls.

125.    Plaintiff's quality controls are material and significant, insofar as they protect consumers from receiving poor quality, damaged, and defective products.

126.    The products Defendants sell and advertise bearing the UAG Trademarks are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements.

127.    Since the products Defendants sell and advertise bearing the UAG Trademarks are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements, the products Defendants sell are material different from genuine UAG Products.

4848-7763-5739.5

128.     Since the products Defendants sell and advertise bearing the UAG Trademarks are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements, the products Defendants sell are not genuine UAG Products.

129.     Defendants' unauthorized advertisement and sale of products bearing the UAG Trademarks interferes with Plaintiff's quality controls and ability to exercise quality control over products bearing the UAG Trademarks.

130.     Defendants' unauthorized advertisement and sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers, because it suggests that the products Defendants offer come with the UAG Warranty and are subject to and abide by Plaintiff's quality controls when, in fact, they are not.

131.     Defendants' unauthorized advertisement and sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers, because it suggests that the products Defendants offer for sale are genuine UAG Products when, in fact, they are not.

132.     Defendants' unauthorized advertisement and sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers, because it suggests that the products Defendants offer for sale are sponsored by, authorized by, or otherwise connected to Plaintiff when, in fact, they are not.

133.     Defendants' unauthorized use of the UAG Trademarks has infringed upon and materially damaged the value of the UAG Trademarks and caused significant damage and harm to Plaintiff's business relationships.

134.     As a proximate result of Defendants' misconduct, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

135.    Plaintiff is entitled to recover its damages caused by Defendants' unfair competition and infringement of the UAG Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

136.    Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, because it has no adequate remedy at law for Defendants' false advertising and infringement, and unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

137.    Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) as this is an exceptional case, because Defendants have willfully, intentionally, maliciously, and in bad faith infringed on the UAG Trademarks.

<u>**FOURTH CAUSE OF ACTION**</u>

**Trademark Dilution**

**15 U.S.C. § 1125(c)**

138.    Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

139.    Plaintiff is the owner of the UAG and URBAN ARMOR GEAR trademarks.

140.    Plaintiff has registered the UAG and URBAN ARMOR GEAR trademarks with the United States Patent and Trademark Office, and such registrations are valid and incontestable pursuant to 15 U.S.C. § 1065.

141.    The UAG and URBAN ARMOR GEAR trademarks are inherently distinctive and are valid and subsisting trademarks in full force and effect.

142.    Plaintiff filed applications to register its UAG and URBAN ARMOR GEAR trademarks with the United States Patent and Trademark Office on June 10, 2011, and both marks were registered on October 2, 2012.  Plaintiff has actively, continuously, and exclusively used and promoted its UAG and URBAN ARMOR GEAR trademarks at all relevant times.

21

143.    Plaintiff has expended substantial time, effort, money, and resources advertising and promoting UAG Products with the UAG and URBAN ARMOR GEAR trademarks.

144.    Plaintiff markets, advertises, and sells products using the UAG and URBAN ARMOR GEAR trademarks throughout the United States, including in Nebraska.

145.    The UAG and URBAN ARMOR GEAR trademarks represent the key means by which UAG Products are distinguished from others in the marketplace.

146.     The UAG and URBAN ARMOR GEAR trademarks are famous and well-recognized by consumers throughout the United States for Plaintiff's mobile device cases and accessories, among other product offerings.

147.    Consumers recognize and associate the UAG and URBAN ARMOR GEAR trademarks with high quality products.

148.    Plaintiff has implemented legitimate and substantial quality controls that it requires all of its Authorized Resellers and Authorized Online Resellers to follow to protect the goodwill and consumer recognition associated with its UAG and URBAN ARMOR GEAR trademarks.

149.    Due to the high quality, innovative features, durability, and dependability of the UAG Products and Plaintiff's use of the UAG and URBAN ARMOR GEAR trademarks, consumers trust the UAG and URBAN ARMOR GEAR trademarks and UAG Products.

150.    Plaintiff is widely recognized as the designated source of goods bearing the UAG Trademarks.

151.    At all times relevant hereto, the UAG and URBAN ARMOR GEAR trademarks have been famous, distinctive, and widely recognized marks by the consuming public.

152.    After the UAG and URBAN ARMOR GEAR trademarks became famous, Defendants intentionally, willfully, and knowingly used and continue to use the UAG and URBAN

ARMOR GEAR trademarks in commerce for purposes of selling products bearing Plaintiff's trademarks without Plaintiff's consent.

153.   Products sold by Defendants bearing the UAG and URBAN ARMOR GEAR trademarks do not come with the UAG Warranty, and are not subject to, do not abide by, and interfere with Plaintiff's quality controls.

154.   Products sold by Defendants bearing the UAG and URBAN ARMOR GEAR trademarks are materially different from the genuine UAG Products sold by Plaintiff and its Authorized Resellers.

155.   Because Defendants' products do not come with the UAG Warranty and are not subject to, do not abide by, and interfere with Plaintiff's quality controls, consumers who purchase Defendants' products are more likely to receive a poor quality, damaged, or defective product, and are also more likely to have an unsatisfactory customer experience.

156.   Consumers who receive poor quality products from Defendants that do not come with the UAG Warranty associate that negative experience with Plaintiff and the UAG and URBAN ARMOR GEAR trademarks.

157.   Consumers who receive such poor quality products from Defendants submit negative online reviews disparaging Plaintiff and the UAG Trademarks.  These negative reviews influence other consumers, and cause them to become less likely to purchase UAG Products and cause consumers to become less likely to trust products bearing the UAG and URBAN ARMOR GEAR trademarks.

158.   As a result, Defendants' unauthorized, unlawful, and willful use of the UAG and URBAN ARMOR GEAR trademarks has tarnished and diluted the UAG and URBAN ARMOR GEAR trademarks.

4848-7763-5739.5

159.    As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

160.    Plaintiff is entitled to recover its damages caused by Defendants' dilution of the UAG and URBAN ARMOR GEAR trademarks, and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

161.    Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, because it has no adequate remedy at law for Defendants' dilution of the UAG and URBAN ARMOR GEAR trademarks, and unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

162.    Plaintiff  is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) as this is an exceptional case, because Defendants have willfully, intentionally, maliciously, and in bad faith diluted Plaintiff's UAG and URBAN ARMOR GEAR trademarks.

## FIFTH CAUSE OF ACTION

### Intentional Interference with Contractual Relations

### (California and Nebraska law)

163.    Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

164.    Plaintiff has entered into valid and subsisting contracts with various third parties, including but not limited to Authorized Resellers and distributors of UAG Products.

165.    Defendants are not parties to any of the contracts between Plaintiff, on the one hand, and Authorized Resellers and distributors of UAG Products, on the other hand.

166.    Defendants are aware of Plaintiff's contracts with Authorized Resellers and distributors.

4848-7763-5739.5

167.    On information and belief, Defendants' acts have been designed to induce breach of disruption of Plaintiff's contracts with those Authorized Resellers and distributors.

168.    Defendants' actions as described herein have caused a breach and/or disruption in Plaintiff's contractual relationships with its Authorized Resellers and distributors.

169.    But for Defendants' tortious conduct and interference, Plaintiff's contracts with its Authorized Resellers and distributors would have been fully performed without breach or disruption.

170.    Plaintiff has suffered damages in an amount to be proven at trial.

**SIXTH CAUSE OF ACTION**

**Unfair Competition**

**(Cal. Bus. & Prof. Code § 17200, *et seq*.)**

171.    Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

172.    Plaintiff has suffered injury in fact as a result of Defendants' wrongful conduct in the form of an invasion of legally protected interests that are concrete and particularized and actual as described herein.

173.    Plaintiff has suffered economic injury insofar as the value of its UAG Trademarks has been diminished and/or diluted as a result of Defendants' wrongful conduct, Plaintiff's reputation and goodwill has been harmed as a result of Defendants' wrongful conduct, and Plaintiff has been deprived of sales and profits as a result of Defendants' wrongful conduct.

174.    Plaintiff has suffered economic injury as a direct consequence of unfair and unlawful business practices and conduct by Defendants.  Defendants' conduct is unlawful insofar as it constitutes trademark infringement, false advertising, federal unfair competition, trademark dilution, and intentional interference with contractual relations.  On information and belief, this

25

conduct collectively constitutes a business practice of Defendants, and as a result of this practice, Defendants have received ill-gotten gains, including Plaintiff's money and/or property. Defendants' conduct is unfair since such conduct unfairly infringes on Plaintiff's legal rights and significantly threatens or harms competition in the marketplace in which Plaintiff operates.

175.     Plaintiff has suffered economic harm as a direct result of Defendants' unfair and unlawful competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

176.     Plaintiff demands restitution in an amount to be proven at trial, in addition to injunctive relief enjoining Defendants from engaging in such unfair and unlawful business practices.

**SEVENTH CAUSE OF ACTION**

**Common Law Unfair Competition**

**(Nebraska Law)**

177.      Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

178.     Plaintiff has extensively and continuously used and promoted its UAG Trademarks throughout the United States, including but not limited to the State of Nebraska.

179.     By virtue of Plaintiff's extensive and continuous use and promotion of its UAG Trademarks, the UAG Trademarks have become well-known indicators of the origin and quality of Plaintiff's product throughout the United States, including but not limited to the State of Nebraska, and are therefore entitled to trademark protection under the common law of the State of Nebraska.

180.     Defendants unlawfully, willfully, and knowingly used and continue to use the UAG Trademarks in commerce throughout the State of Nebraska for purposes of selling products bearing the UAG Trademarks without Plaintiff's consent.

26

181.    The products sold by Defendants bearing the UAG Trademarks are not authorized for sale by Plaintiff

182.    The products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty.

183.    Plaintiff has established and implemented substantial and material quality controls with which genuine UAG Products must comply.

184.    Plaintiff abides by these quality controls, and requires all of its Authorized Resellers and Authorized Online Resellers to abide by these quality controls.

185.    Plaintiff's quality controls are material, as they protect consumers and prevent them from receiving low quality, damaged, and defective products.

186.    The products sold by Defendants bearing the UAG Trademarks are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements.

187.    Since products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty and are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements, Defendants' products are materially different from genuine UAG Products.

188.    Thus, Defendants' products are not genuine UAG Products.

189.    Defendants' unauthorized sale of products bearing the UAG Trademarks interferes with Plaintiff's quality controls and ability to exercise quality control over products bearing the UAG Trademarks.

190.    Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers, because Defendants' conduct suggests

that the products Defendants offer come with the UAG Warranty and are subject to and abide by Plaintiff's quality controls, when, in fact, they do not.

191.   Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendants' conduct suggests that the products Defendants offer for sale are genuine UAG Products when, in fact, they are not.

192.   Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendants' conduct suggests that the products Defendants offer for sale are otherwise related to Plaintiff when, in fact, they are not.

193.   Defendants' unauthorized use of the UAG Trademarks has infringed upon and materially damaged the value of the UAG Trademarks, and also cause significant damage to the Urban Armor Gear brand and Plaintiff's business relationships.

194.   As a proximate result of Defendants' misconduct, Plaintiff has suffered immediate and irreparable harm.  Plaintiff has also suffered damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

195.   Defendants' actions constitute unfair competition under the common law of the State of Nebraska, and entitle Plaintiff to injunctive relieve and further entitle Plaintiff to recover its damages caused by Defendants' acts of unfair competition, and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment

### EIGHTH CAUSE OF ACTION

### Common Law Trademark Infringement

### (California and Nebraska law)

196.   Plaintiff hereby restates and incorporates by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

28

197.     Plaintiff has extensively and continuously used and promoted its UAG Trademarks throughout the United States, including but not limited to the States of California and Nebraska.

198.     By virtue of Plaintiff's extensive and continuous use and promotion of its UAG Trademarks, the UAG Trademarks have become well-known indicators of the origin and quality of Plaintiff's product throughout the United States, including but not limited to the States of California and Nebraska, and are therefore entitled to trademark protection under the common law of the States of California and Nebraska.

199.     Defendants unlawfully, willfully, and knowingly used and continue to use the UAG Trademarks in commerce throughout the States of California and Nebraska for purposes of selling products bearing the UAG Trademarks without Plaintiff's consent.

200.     The products sold by Defendants bearing the UAG Trademarks are not authorized for sale by Plaintiff

201.     The products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty.

202.     Plaintiff has established and implemented substantial and material quality controls with which genuine UAG Products must comply.

203.     Plaintiff abides by these quality controls, and requires all of its Authorized Resellers and Authorized Online Resellers to abide by these quality controls.

204.     Plaintiff's quality controls are material, as they protect consumers and prevent them from receiving low quality, damaged, and defective products.

205.     The products sold by Defendants bearing the UAG Trademarks are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements.

4848-7763-5739.5

206.     Since products sold by Defendants bearing the UAG Trademarks do not come with the UAG Warranty and are not subject to, do not abide by, and interfere with Plaintiff's quality controls and customer service requirements, Defendants' products are materially different from genuine UAG Products.

207.     Thus, Defendants' products are not genuine UAG Products.

208.     Defendants' unauthorized sale of products bearing the UAG Trademarks interferes with Plaintiff's quality controls and ability to exercise quality control over products bearing the UAG Trademarks.

209.     Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers, because Defendants' conduct suggests that the products Defendants offer come with the UAG Warranty and are subject to and abide by Plaintiff's quality controls, when, in fact, they do not.

210.     Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendants' conduct suggests that the products Defendants offer for sale are genuine UAG Products when, in fact, they are not.

211.     Defendants' unauthorized sale of products bearing the UAG Trademarks is likely to cause confusion, cause mistake, or deceive consumers because Defendants' conduct suggests that the products Defendants offer for sale are otherwise related to Plaintiff when, in fact, they are not.

212.     Defendants' unauthorized use of the UAG Trademarks has infringed upon and materially damaged the value of the UAG Trademarks, and also cause significant damage to the Urban Armor Gear brand and Plaintiff's business relationships.

4848-7763-5739.5

213.    As a proximate result of Defendants' misconduct, Plaintiff has suffered immediate and irreparable harm.  Plaintiff has also suffered damages, including but not limited to loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

214.    Defendants' actions constitute trademark infringement under the common law of the States of California and Nebraska, and entitle Plaintiff to injunctive relieve and further entitle Plaintiff to recover its damages caused by Defendants' infringement of the UAG Trademarks, and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

## JURY DEMAND

Plaintiff makes a jury demand consistent with Federal Rule of Civil Procedure 38.

## REQUEST FOR PLACE OF TRIAL

Pursuant to Nebraska Civil Rule 40.1(b), Plaintiff requests the jury trial take place in Omaha, Nebraska.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter judgment in its favor against Defendants on Causes of Action One through Eight as set forth above, and grant the following relief:

A.    Judgment in favor of Plaintiffs and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble

damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.     That a permanent injunction be issued enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

i) Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all UAG Products;

ii) Prohibiting the Enjoined Parties from using the UAG Trademarks in any manner, including advertising on the Internet;

iii) Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all UAG Products as well as any products bearing the UAG Trademarks;

iv) Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the UAG Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing this trademark;

v) Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any UAG Products, or the UAG Trademarks;

vi) Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any uses of the UAG Trademarks which associate UAG Products or the UAG Trademarks with the Enjoined Parties or the Enjoined Parties' website;

vii) Requiring the Enjoined Parties to take all action to remove unauthorized uses of the UAG Trademarks from the Internet, including from the website www.amazon.com;

C.       An award of attorneys' fees, costs, and expenses;

D.       Such other and further relief as the Court deems just, equitable, and proper.

Dated this 16th day of September, 2019.

By: /s/ *John Passarelli*
John P. Passarelli #16018
Patrick C. Stephenson #19138
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
john.passarelli@kutakrock.com
patrick.stephenson@kutakrock.com

4848-7763-5739.5