IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| URBAN ARMOR GEAR, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOES 1-10,<br><br>　　　　　Defendant. | Case No. 8:19-cv-00414<br><br>**MOTIONS FOR LEAVE TO TAKE LIMITED, EXPEDITED DISCOVERY AND FOR LEAVE TO SERVE RULE 45 SUBPOENAS** |

　　　　Plaintiff Urban Armor Gear, LLC, by and through its counsel of record, pursuant to Rules 7(b) and 26(d)(1) of the Federal Rules of Civil Procedure, moves the Court for leave to take limited, expedited discovery prior to the Rule 26(f) conference. *See McDonald Apiary, LLC v. Starrh Bees, Inc.,* No. 8:14CV351, 2015 WL 11108872, at *3 (D. Neb. Apr. 8, 2015) (Zwart, Mag. J.) ("The requested discovery qualifies as 'expedited' in this case because the parties have not yet conferred as required by Fed. R. Civ. P. 26(f); therefore, discovery cannot commence without court order." (citing Fed. R. Civ. P. 26(d)(1)).

　　　　Plaintiff's complaint does not identify by name Defendants John Doe 1-10, but "[a]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985).

4824-1629-3545.1

Plaintiff moves the Court for leave to serve subpoenas to produce documents, information, or objects in a civil action without notice to John Doe Defendants as required by Rule 45(a)(4) of the Federal Rules of Civil Procedure. Plaintiff intends to serve the subpoenas on Outlook FBA Corp. and Outlook Acquisition Corp. so that Plaintiff may (1) conclusively uncover the identities of the John Doe Defendants, (2) amend its Complaint to specifically name the John Doe Defendants in compliance with Rule 10(a) of the Federal Rules of Civil Procedure, and (3) effect proper service of process upon the John Doe Defendants. The subpoenas would demand production of the following:

1. All communications and documents relating to Plaintiff.

2. All communications and documents relating to Plaintiff's products.

3. All communications and documents relating to how the Outlook FBA Corp. and Outlook Acquisition Corp. purchase, acquire, and/or otherwise obtain Plaintiff's products.

4. All documents relating to invoices reflecting Outlook FBA Corp.'s and Outlook Acquisition Corp.'s sales of Plaintiff's products.

5. All documents sufficient to show Outlook FBA Corp.'s and Outlook Acquisition Corp.'s gross revenue generated from their sales of Plaintiff's products on a year-by-year basis.

6. All communications and documents sufficient to identify the seller(s) of Plaintiff's products purchased, acquired, and/or otherwise obtained by Outlook FBA Corp. and Outlook Acquisition Corp.

7. All communications and documents relating to purchase orders, agreements, and/or contracts relating the Outlook FBA Corp.'s and Outlook Acquisition Corp.'s purchase and/or acquisition of Plaintiff's products.

8. All communications and documents relating to the Outlook FBA Corp.'s and Outlook Acquisition Corp.'s sales of Plaintiff's products using the Amazing Deals Online storefront on Amazon.com, or any other online storefront or marketplace.

Plaintiff further intends a subpoena on Amazon.com, Inc so that Plaintiff may (1) conclusively uncover the identities of the John Doe Defendants, (2) amend its Complaint to specifically name the John Doe Defendants in compliance with Rule 10(a) of the Federal Rules of Civil Procedure, and (3) effect proper service of process upon the John Doe Defendants. The subpoena would demand production of the following:

1. Documents sufficient to identify the owner(s) of the Amazon.com marketplace store Amazing Deals Online.

2. Documents sufficient to show sales by or through Amazing Deals Online of products bearing the mark "UAG" from 2014 to the present.

3. Documents sufficient to show sales by or through Amazing Deals Online of products bearing the mark "Urban Armor Gear" from 2014 to the present.

4. Documents evidencing any communications between Amazon.com and the owner(s) of Amazing Deals Online referencing the terms "UAG" or "Urban Armor Gear" from 2014 to the present.

5. Documents submitted or provided by the owner(s) of Amazing Deals Online to Amazon.com purporting to authorize the sale of products bearing the marks "UAG" or "Urban Armor Gear."

6. Documents sufficient to show any agreements or contracts governing the terms and conditions under which the owner(s) of Amazing Deals Online sell products through the Amazon marketplace.

7. Documents relating to the Amazon.com seller "Urban Armor Gear, LLC - Account: A3DVC6WBVNJ5RS," from January 1, 2019 to the present.

Because this motion "raises no substantial issue of law" and asks for "relief . . . within the court's discretion," Plaintiff files no supporting brief pursuant to Nebraska Civil Rule 7.1(a)(1). Plaintiff contends that the John Doe Defendants are making unauthorized sales of Plaintiff's products on the Amazon online marketplace, and possibly other online marketplaces, using fictitious seller names to hide their true identities, and that the subpoenas at issue are required to learn the true identities of the John Doe Defendants. *See, e.g.*, *Lundberg v. Univ. of Nebraska*, No. 4:CV95-3448, 1996 WL 883606, at *5 (D. Neb. Nov. 25, 1996) (Urbom, J.) ("Allowing the use of fictitious names furthers justice in many cases, because it prevents a defendant from frustrating an otherwise meritorious claim by successfully hiding his or her identity from the plaintiff. Once the plaintiff discovers the true identity of the defendant, the plaintiff may amend his complaint to name this party under Rule 15(c) of the Federal Rules of Civil Procedure.").

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting its Motions for Leave to Take Limited, Expedited Discovery and for Leave to Serve Rule 45 Subpoenas.

Dated this 29th day of October 2019.

        URBAN ARMOR GEAR, LLC, Plaintiff

        By: */s/ John P. Passarelli*
            John P. Passarelli, #16018
            Patrick C. Stephenson, # 19138
            Kutak Rock LLP
            The Omaha Building
            1650 Farnam Street
            Omaha, NE 68102-2186
            (402) 346-6000

## CERTIFICATE OF SERVICE

      I hereby certify that on October 29th, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of this filing to all CM/ECF participants.

                                          */s/ John P. Passarelli*
                                          John P. Passarelli

4824-1629-3545.1