IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| URBAN ARMOR GEAR, LLC, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN DOES 1-10, individually or as corporate business entities<br><br>　　　　　　Defendants. | 8:19CV414<br><br>**ORDER** |

　　This matter is before the Court on Plaintiff's Motion for Leave to Take Limited, Expedited Discovery and to Serve Rule 45 Subpoenas. (Filing No. 8). The Court will grant the motion.

　　Plaintiff initiated this lawsuit on September 16, 2019, naming "John Does 1-10" as Defendants. (Filing No. 1); see *Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery"). Generally, the Complaint alleges that the John Doe Defendants have engaged in trademark infringement, false advertising, unfair competition, trademark dilution and tortious interference by illegally selling products bearing Plaintiff's trademarks on the Amazon online marketplace and possibly other online marketplaces and by inducing Plaintiff's authorized resellers to breach their contracts with Plaintiff by selling such goods to the John Doe Defendants.

　　Plaintiff requests leave to begin discovery prior to satisfying the meet and confer requirement of Federal Rule of Civil Procedure 26, and to serve a subpoena to produce documents, information, or objects in a civil action without notice to opposing parties as required by Federal Rule of Civil Procedure 45(a)(4). Plaintiff intends to serve the subpoenas on Outlook FBA Corp. and Outlook Acquisition Corp. so that Plaintiff may uncover the identities of the John Doe Defendants. The subpoenas would demand production of the following:

　　1.　　All communications and documents relating to Plaintiff.

　　2.　　All communications and documents relating to Plaintiff's products.

　　3.　　All communications and documents relating to how the Outlook FBA Corp. and Outlook Acquisition Corp. purchase, acquire, and/or otherwise obtain Plaintiff's products.

4. All documents relating to invoices reflecting Outlook FBA Corp.'s and Outlook Acquisition Corp.'s sales of Plaintiff's products.

5. All documents sufficient to show Outlook FBA Corp.'s and Outlook Acquisition Corp.'s gross revenue generated from their sales of Plaintiff's products on a year-by-year basis.

6. All communications and documents sufficient to identify the seller(s) of Plaintiff's products purchased, acquired, and/or otherwise obtained by Outlook FBA Corp. and Outlook Acquisition Corp.

7. All communications and documents relating to purchase orders, agreements, and/or contracts relating the Outlook FBA Corp.'s and Outlook Acquisition Corp.'s purchase and/or acquisition of Plaintiff's products.

8. All communications and documents relating to the Outlook FBA Corp.'s and Outlook Acquisition Corp.'s sales of Plaintiff's products using the Amazing Deals Online storefront on Amazon.com, or any other online storefront or marketplace. (Filing No. 8).

Plaintiff also intends to serve a subpoena on Amazon.com, Inc. so that Plaintiff may uncover the identities of the John Doe Defendants. The subpoenas would demand production of the following:

1. Documents sufficient to identify the owner(s) of the Amazon.com marketplace store Amazing Deals Online.

2. Documents sufficient to show sales by or through Amazing Deals Online of products bearing the mark "UAG" from 2014 to the present.

3. Documents sufficient to show sales by or through Amazing Deals Online of products bearing the mark "Urban Armor Gear" from 2014 to the present.

4. Documents evidencing any communications between Amazon.com and the owner(s) of Amazing Deals Online referencing the terms "UAG" or "Urban Armor Gear" from 2014 to the present.

5. Documents submitted or provided by the owner(s) of Amazing Deals Online to Amazon.com purporting to authorize the sale of products bearing the marks "UAG" or "Urban Armor Gear."

6. Documents sufficient to show any agreements or contracts governing the terms and conditions under which the owner(s) of Amazing Deals Online sell products through the Amazon marketplace.

7. Documents relating to the Amazon.com seller "Urban Armor Gear, LLC - Account: A3DVC6WBVNJ5RS," from January 1, 2019, to the present.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(f)(d)(1). "[T]he party requesting expedited discovery must show the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14CV351, 2015 WL 11108872, *3 (D. Neb. Apr. 8, 2015) (quotation omitted). The Court finds that Plaintiff has shown good cause for expedited discovery. Without granting Plaintiff's discovery request, it is doubtful that Plaintiff will be able to identify the John Doe Defendants and this litigation will be unable to proceed. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D. N.Y. 2012) (finding expedited discovery appropriate to identify John Doe defendants). Obviously, because Plaintiff does not know the identity of the John Doe Defendants, Plaintiff cannot give notice to opposing parties prior to issuance of the subpoena as required by Rule 45. *See* Fed. R. Civ. P. 45(a)(4) (requiring notice to other parties before service of a subpoena). However, at this point, there is no indication that Plaintiff has "any reasonable alternative to . . . subpoenas to obtain the [identity]" of the John Doe Defendants. *Digital Sin*, 279 F.R.D. at 241-42. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Take Limited, Expedited Discovery and to Serve Rule 45 Subpoena (Filing No. 8) is granted.

Dated this 30th day of October, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge